IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-231 |
| | ) |
| MACEO GLENN WATINS | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Maceo Glenn Watkins has filed a Petition to Terminate Supervision in which he requests early termination of his supervised release. ECF No. 62. The government has filed a response opposing the motion. ECF No. 65. For the reasons explained below the Petition will be denied.

Mr. Watkins argues that early termination of his supervised release is warranted based on the fact that he has served a little over three years of his five-year term of supervision. He states that he has been compliant with the terms and conditions of his supervision and has no violations. He has primary custody of two of his children and shares partial physical custody of a third child. He is employed at two jobs and is also working towards owning his own business. To this end, he has filed paperwork with the Commonwealth of Pennsylvania to establish Maceo Holdings LLC. Mr. Watkins has also successfully completed several courses in furtherance of his goal to own his own business. According to Mr. Watkins, continued supervision prejudices him because it limits his ability to engage in additional employment. The government persuasively argues that Mr. Watkins's Petition for early termination of supervised release should be denied.[1]

---

[1] The United States Probation Officer supervising Mr. Watkins takes no position on the Petition.

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this determination the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[2]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" United States v. Melvin, 978 F.3d 49, 52–53 (3d Cir. 2020) (quoting United States v. Gammarano, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained that the "general rule" is that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." Melvin, 978 F.3d at 53.

Mr. Watkins was convicted of two serious offenses: Possession with the intent to distribute 5 grams or more of cocaine base, commonly known as "crack" cocaine, and

---

[2] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

possession of a firearm in furtherance of a drug trafficking crime.  He was sentenced to consecutive terms of imprisonment of 60 months, for a total term of imprisonment of 120 months.

Mr. Watkins has been compliant with the terms of supervision.  However, the Court expects that all defendants on supervised release will successfully comply with the conditions of supervision.  Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases.  This is a case in which supervision appears to be working properly.  There is no evidence that asking Mr. Watkins to comply with the conditions of supervision is either too harsh or inappropriately tailored to serve general punishment goals.  Mr. Watkins states that his continued supervision is prejudicial to his "ability to engage in continued, additional fruitful employment."  ECF No. 62, at ¶ 13.  In support, he cites his goal to own his own business, as well as the concrete steps he has taken in furtherance of that goal, as new circumstances in favor of the early termination of his supervision.[3]  However, he does not articulate how supervision prejudices him.  Moreover, Mr. Watkins is currently employed and therefore supervision itself is not an impediment to his ability to work.  Finally, Mr. Watkins has not pointed to any aspect of supervision that is unduly burdensome. or exceptional

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), the Court finds that it is not in the interest of justice to terminate Mr. Watkins's supervised release at this time.

---

[3] The Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early.  United States v. Melvin, 978 F.3d 49, 53 (3d Cir. 2020).

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 12th day of April 2022, it is hereby ORDERED that Defendant's Petition to Terminate Supervision is DENIED.

_____
Marilyn J. Horan
United States District Court Judge