IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No.  08-231 |
| | ) |
| MACEO GLENN WATKINS | ) |

## MEMORANDUM ORDER

Presently before the court is Defendant Maceo Glenn Watkins' Motion for Reduction of Supervised Release Term Pursuant to Section 404 of the First Step Act.  ECF No. 67.  The government has filed a response opposing the motion, to which Mr. Watkins has filed a Reply.  ECF Nos. 71 & 72.

On June 1, 2010, Mr. Watkins plead guilty to one count of possession with the intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  He was sentenced to a term of imprisonment of 60 months at each of Counts 1 and 2, to be served consecutively for a total term of imprisonment of 120 months.  He was also sentenced to a term of supervised release of 5 years at each of Counts 1 and 2, to be served concurrently for a total term of supervised release of 5 years.  He was released from imprisonment in February 2019 and began his five-year term of supervised release.

Mr. Watkins argues that he is eligible for a reduction of his term of supervised release pursuant to section 404 of the First Step Act, which makes the Fair Sentencing Act of 2010 retroactive.  Mr. Watkins argues that he is eligible for the reduction because he was convicted and sentenced of a statutory covered crack cocaine offense prior to the effective date of the Fair Sentencing Act. Mr. Watkins requests a reduction of his supervised release term from

five years to three years. Such relief would effectively terminate supervised release as Mr. Watkins has served over three years of his five-year term of supervision. Mr. Watkins' term of supervised release is set to expire in February 2024.

The government agrees that the conviction for a crack cocaine offense is a covered offense under the First Step Act and is thus eligible for consideration of a reduced sentence, as if the Fair Sentencing Act's revised penalties were in effect. However, the government argues that Mr. Watkins' conviction for possession of a firearm in furtherance of a drug trafficking crime is not a covered offense under the Fair Sentencing Act eligible for a sentence reduction.

The Court is authorized, under the First Step Act, to reduce a defendant's sentence of imprisonment, or supervised release, that the sentencing court imposed on a covered crack cocaine offense, even if the defendant was also sentenced to a separate non-covered offense.[1] The Court therefore is empowered under the First Step Act to reduce Mr. Watkins' term of supervision imposed on his crack cocaine offense from 5 years to 3 years. However, the Court concludes that it is not authorized under the First Step Act to reduce Mr. Watkin's term of supervision imposed on his non-qualifying firearm offense,[2] thus Mr. Watkins' would remain subject to a five-year term of supervision.

---

[1] *See, e.g., United States v. Murphy*, 550 F. Supp. 3d 322, 331 (W.D. Va. 2021), *appeal dismissed*, No. 21-7116, 2021 WL 6694096 (4th Cir. Nov. 16, 2021) (reducing defendant's sentence on his First Step Act-qualifying crack offense, but not reducing defendant's 60-month consecutive sentence imposed on his 924(c) count); *United States v. Smith*, 828 F. App'x 523, 525 (11th Cir. 2020) (defendant's three qualifying crack offenses were each reduced from 240 months to 120 months, but all other non-qualifying counts were unchanged); and *United States v. Allen*, 384 F.Supp.3d 238, 244 (D. Conn. 2019) (reducing 262 month sentence on crack cocaine offense to 188 months, and keeping mandatory consecutive term of 60 months for firearm offense unchanged).

[2] *United States v. Gladney*, ⸺ F.4th ⸺, 2022 WL 3348631, at *8 (10th Cir. Aug. 15, 2022) ("First Step Act prohibits a district court from reducing the sentence on a non-covered offense, even if … the covered and non-covered offenses were grouped together under the Sentencing Guidelines and the covered offense effectively controlled the sentence for the non-covered offense"). *But see United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020) (nothing in statute's text "bars a court from reducing a non-covered offense" once the court decides to resentence the covered offenses under the First Step Act).

This does not end the discussion of whether Mr. Watkins' supervised release should be reduced or terminated. Mr. Watkins has previously sought termination of his supervised release term pursuant to 18 U.S.C. § 3583(e). Pet. Term. Supervision. ECF No. 62. At that time, the Court denied the request, explaining, among other things, that supervision appeared to be working, compliance with the conditions of supervision was not too harsh or inappropriately tailored to serve general punishment goals, that supervision was not an impediment to his ability to work, and no aspect of supervision was unduly burdensome. Mem. Op. and Order, Apr. 12, 2022 (ECF No. 66). The Court also acknowledged that Mr. Watkins had been compliant with the terms of his supervision. *Id.* at 3.

At that time, the Court was unaware of Mr. Watkins' circumstances with respect to the statutory changes related to sentences for crack cocaine offenses. Briefly, Mr. Watkins was sentenced on his crack cocaine offense to a statutory mandatory minimum sentence of 60 months' imprisonment. His sentencing date occurred just months prior to the effective date of the Fair Sentencing Act. Had he been sentenced under the Fair Sentencing Act's scheme, he would have faced a guideline range of 15 to 21 months for his crack cocaine offense, and a 60-month mandatory consecutive sentence for his firearm offense. Then, as Mr. Watkins was nearing the end of his 120-month term of imprisonment, the First Step Act became effective, but it was too late for Mr. Watkins to take meaningful advantage of the statute's retroactivity provisions.

In addition, counsel for Mr. Watkins has brought to the Court's attention a persistent error in Mr. Watkins' criminal records. In this case, it was determined that Mr. Watkins was on state parole at the time of his federal offenses. It turns out that he was not on state parole,

at the time; however, such status was not accurately reflected in Mr. Watkins' criminal records. His parole term officially terminated by Order of court on December 15, 2004. Def. Reply, at 5 n. 2. However, through clerical errors, the termination of the parole Order was never registered in the State's electronic record system.

Following consideration of the instant Motion, detailing Mr. Watkins' circumstances with respect to the Fair Sentencing Act and the First Step Act, the new information about his criminal history error concerning Mr. Watkins' termination of parole, the information from Mr. Watkin's first Motion for early termination of supervised release, and the fact that Mr. Watkins continues to abide by the terms of his supervision, the Court views such information collectively as a motion for reconsideration of his Motion for termination of supervision pursuant to 18 U.S.C. § 3583(e). The Court grants the Motion for Reconsideration. Upon reconsideration, the Court concludes that termination of supervision is warranted based on all information previously provided in the first Motion for Reduction, all new information provided with the current Motion for Reduction, and Mr. Watkins continued good conduct while on supervision.

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), the Court finds that it is in the interest of justice to terminate Mr. Watkins' supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 6th day of April 2023, it is hereby ORDERED as follows:

Defendant's Motion for Reduction of Supervised Release Term Pursuant to Section 404 of the First Step Act, ECF No. 67, is granted in part and denied in part. The Motion is GRANTED as to Defendant's five-year supervised release term imposed on his crack cocaine offense. Said term of supervised release is reduced from 5 years to 3 years. The Motion is DENIED as to Defendant's five-year supervised release term imposed on his firearm charge.

The Court *sua sponte* GRANTS Defendant's Motion for Reconsideration of Termination of Supervision pursuant to 18 U.S.C. § 3583(e). IT IS FURTHER ORDERED that Maceo Glenn Watkins' terms of supervised release are hereby terminated forthwith.

_____<br>
Marilyn J. Horan<br>
United States District Court Judge